No. 8752.

PEDRO DOMINGUEZ VS. THE ORLEANS RAILROAD COMPANY.

A tramway, which occasions injury because its rail is out of place, is not protected from liability for damages by reason of the permission of the city to operate its road.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*Albert Voorhies* for Plaintiff and Appellee.

*Chas. Louque* for Defendant and Appellant.

---

The opinion of the Court was delivered by

MANNING, J. The plaintiff sues to recover ten thousand dollars as

Dominguez vs. Railroad Company.

damages for injuries received from being thrown from his waggon because of a loose rail on the defendant's track, the end of which was raised. A jury gave him fifteen hundred dollars, for which there was judgment.

The defendant operates a tramway in this city. The plaintiff was driving his waggon to and from the French market, laden with fish, and is thus occupied from midnight to daybreak. It was his usual business, and gave support to himself and family. He drove, as is customary, on the track. One of the rails had become loose. The spikes were out of place, and the end of the rail was elevated, pointed upwards. The wheel of his waggon struck it plump, the vehicle leaped in air, and he was thrown violently to the ground. The wheel passed over his legs and chest, producing bruises and contusions. He was laid up two and a half months under medical care. His age is sixtyfour years, and before this injury was hearty and vigorous, able to work and working constantly. Since then, and by reason of it, he is disabled not entirely but partially, and cannot exert himself as before. Slight exertion brings on blood-spitting, and pains in the chest. He sometimes earned twenty-five or thirty dollars a week, at others much less.

It was night—an hour after midnight—when the accident occurred; but this dangerous rail had been observed early in the evening, not by this plaintiff, but by others who predicted mischief from it. There is testimony in the record which goes far to shew habitual negligence of the defendant. There was certainly inexcusable negligence on this occasion.

The defendant's counsel can scarcely be serious in contending that as the accident was caused by the defective condition of the street, the city is alone responsible. The defendant made the defect in the street. The defendant for its convenience and profit had iron rails on the street, and its rail occasioned the injury. It must answer for it.

Occasional questions by the jurors exhibit an intelligent comprehension of their duties, quite refreshing in that arena, and the verdict recommends itself to us as a fair estimate of what is due to the plaintiff without unduly and vindictively punishing the Company.

Judgment affirmed.

Rehearing refused.