## No. 10,945.

THE STATE EX REL. CITY OF NEW ORLEANS VS. THE CANAL & CLAI-BORNE STREETS RAILROAD COMPANY.

1. Under Act 133 of 1888 mandamus is provided as a special statutory remedy applicable to the enforcement of such obligations as those involved in this case in a contract between the city and a street railway corporation.

2. The case involves a construction of the provisions of the contract, and the judge below properly interpreted the meaning of the language used.

3. The intent of the parties being plainly expressed, no foundation existed for resort to evidence of prior conversations to vary or explain it.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for the Relator and Appellee.

*J. R. Beckwith* for Respondent and Appellant.

The opinion of the court was delivered by

FENNER, J. This is a proceeding by mandamus to compel the performance of obligations of a certain contract entered into be-

tween the city and defendant with reference to the maintenance of certain street bridges along the route of a street railway.

It is taken in conformity with legislative act No. 133 of 1888, which authorizes the writ of mandamus as a special statutory remedy in such cases, and there is no tenable objection to its invocation in this case.

The following are the provisions of the contract enforcement of which is demanded:

"The street bridges where crossed by the company's tracks throughout their routes shall be placed in first-class order and be kept so during the term of franchise * * *.

"That said Canal & Claiborne Streets Railroad Company, or its successors or assigns, as a part consideration for said franchise, etc., shall, at its own cost, charges and expense for all material and labor, and without indemnity or right of reclamation, construct and maintain all street bridges where crossed by said company's tracks; and at all times to keep all such crossings, bridges, culverts where crossed, in first-class order, and shall also keep and maintain two feet of the street on the outer side of each rail of their tracks in good order and condition."

The city contends that these provisions impose the obligation to keep the bridges crossed by the railway in order.

The defendant claims that it is only required to keep that portion of the bridges in order immediately under or between the tracks, or "where crossed."

The judge below maintained the city's construction and gave reasons therefor to which we can add nothing. Notwithstanding the insistence of defendant's counsel we are unable to discover any ambiguity in the contract which raises in our minds any doubt as to its true meaning.

The things to be constructed and maintained are the *bridges*, not the crossings of the company's tracks over the bridges. It is true the word "where" indicates and limits locality; but the locality indicated here is that of the bridges, not of the particular part of the bridges crossed by the track. The meaning of the words "where crossed" jumps to the eye; it means that bridges situated where they are crossed by the track are to be maintained and kept in order; other bridges situated where they are not so crossed are not included.

This is rendered more clear by reference to the preceding contract between the parties, which required the purchaser "to keep in good repair and condition, during the continuance of this privilege, the paved and unpaved streets through which said tracks pass, as well as *all the bridges on said streets.*

The new contract modifies the old, in favor of the company, by restricting the obligation to a particular part of the streets and to the particular bridges crossed. Had the intention been to confine the obligation to a particular part of the bridges, this would have been defined with the same distinctness as that employed as to the parts of the streets. Moreover, as the judge *a quo* weightily says, "there was no reason for the city to obligate by written contract the defendant to keep in repair the bridges only at the points where crossed by the tracks for the reason that the defendant was and is compelled to do so in order to maintain its tracks and run its cars."

Finding that the intention of the parties is plainly expressed in the contract, no foundation existed for resorting to prior conversations and negotiations between representatives of the contracting corporations to vary or explain it, and such evidence was rightly excluded.

Judgment affirmed.