# Bradwell v. Pittsburgh & West End Passenger Ry. Co., Appellant.

*Negligence—Street railways—Defective rail—Contributory negligence.*

In an action against a street railway company for personal injuries, it appeared that plaintiff was driving in a low road cart on one track of defendant's railway. Observing a car coming towards him, he turned to draw in ahead of a car on the other track going in the same direction with himself. As he did so the wheel of his cart caught in an upturned rail which had become loose at the end toward which he was driving, and stood up from two to four feet, with its point turned towards him. Plaintiff was thrown in front of the car and injured. It appeared that plaintiff was seated in the centre of the cart and did not see the rail. There was evidence that the street on both sides of the track was full of holes; also that the rail had been loose the day before, but had been nailed down, and that it was loose on the morning of the day the accident occurred. The court submitted the question of defendant's negligence, and plaintiff's contributory negligence, to the jury. *Held*, not to be error.

Argued Oct. 27, 1892. Appeal, No. 55, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1889, No. 385, on verdict for plaintiff, John H. Bradwell. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.*

At the trial, before MAGEE, J., it appeared that defendant company operated a double line of street railway on Wabash avenue. Early in the afternoon of Nov. 3, 1888, plaintiff started to return to his home in the country in a low road cart. He took his seat in the middle of the cart, and turned into the left hand track on Wabash avenue. On the right hand track was a street car going in the same direction as himself. He had traveled about two hundred feet when he noticed a car coming towards him on the same track. Intending to draw in ahead of the outgoing car he turned his horse, when the wheel of the cart caught in an upturned rail which had become loose at the end towards which he was driving, and stood up from two to four feet, with its point towards him. Plaintiff was

---

* This was the second trial of this case. See Bradwell v. Pittsburgh & West End Pass. Ry., 139 Pa. 404.

thrown in front of the outgoing car and injured. Evidence for plaintiff tended to show that the street on both sides of the track was full of holes; also that the rail had been loose the day before, but had been nailed down, and that it was loose again on the morning of the day the accident occurred.

Plaintiff's point was as follows:

" 1. It was the duty of the defendant company to keep the track of its railway in proper repair, so as to do no injury to the public. This is a condition attendant upon the grant of the franchise to construct a railway for profit, and if it neglected or refused to do so, by reason whereof plaintiff sustained the injuries complained of, the defendant company was negligent and is liable in damages to the plaintiff therefor. *Answer:* This point is affirmed with this qualification, that the plaintiff did not, in any way, contribute by his own negligence to the injuries sustained." [1]

Defendant's points were as follows:

" 2. If the jury finds that plaintiff at the time of the accident was sitting in the centre of a low cart immediately behind his horse, so that his eyes or sight were only about four inches above the hips of his horse, and that by reason of the position thus occupied by him he was unable to see this upturned rail, which he might readily have observed had he sat at the side of his cart or so as not to have his view of the track before him obstructed by his horse, he was guilty of negligence which contributed to his injuries and he cannot recover. *Answer:* This point is refused. I decline to say as matter of law that the position occupied by the plaintiff in his road cart made him guilty of contributory negligence. That I take to be a question of fact for you to determine under all the circumstances." [2]

" 2½. If plaintiff were unable to see this obstruction—an obstruction in the track before him of the size of this upturned rail—by reason of the place in which he sat, he was bound to get into a position where he could see, and failure on his part to do this would be such contributory negligence on his part as would prevent a recovery. *Answer:* This point is refused. It is a question of fact for you to determine under all the circumstances whether or not the plaintiff's position in his road cart, or the failure to change the same, was negligence on his part contributing to his injury." [3]

" 3. If the jury finds that the cart in which the plaintiff was riding was overturned by coming in contact with a rail five or six inches in width and upturned to a height of from three to four feet in the track immediately in front of him along which he was traveling in broad day light and along which he had an unobstructed view for a distance of from one hundred and fifty to one hundred and seventy feet while approaching it, then even if he did not see it, if it were plain to be seen and were such an object as should have been observed by him had he exercised ordinary care and watchfulness, he was guilty of contributory negligence and cannot recover. *Answer :* Affirmed. If under the facts presented by the point the plaintiff failed to exercise ordinary care and watchfulness, he was guilty of contributory negligence and cannot recover." [4]

" 5. Under the uncontradicted evidence, plaintiff was guilty of negligence which contributed to his injuries and he cannot recover." Refused. [5]

6. Binding instructions for defendant. Refused. [6]

Verdict and judgment for plaintiff for $1,300. Defendant appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*Geo. C. Wilson,* for appellant, cited, Collins v. Leafy, 124 Pa. 213 ; Barnes v. Sowden, 119 Pa. 53 ; Harrisburgh v. Saylor, 87 Pa. 216 ; Hill v. Tionesta Twp., 146 Pa. 17.

*J. J. Miller,* for appellee, not heard, cited, Cumberland Valley R. R. v. Hughes, Adm., 11 Pa. 141 ; P. R. R. v. Peters, 116 Pa. 206.

PER CURIAM, January 3, 1893 :
Judgment affirmed.