BREAUX, C. J.
Plaintiff brought this suit to compel the Southern Paving & Construction Company and the Traction Company of Shreveport (to which we will hereafter refer as the “Traction Company”; to *733 the other, as the “Paving Company”) to repair Jordan street, in that city, near the Traction Company’s tracks.
There were two suits brought, one against these companies and another against J. P. Nelson, who had paved the street on Texas avenue. These cases were all tried together. Judgment was rendered in favor of the city of Shreveport and against the Traction Company. The demand against the Paving Comp'any was dismissed. It follows that the same is the result as to J. P. Nelson, the other defendant.
The Traction Company prosecutes this appeal.
In the year 1901 two streets were paved in the city of Shreveport. Nelson, one of the defendants, was the contractor by whom paving was laid on Texas avenue, and the Paving Company was the contractor by whom paving was laid on Jordan street. Each contract contained the maintenance clause, to continue in force and effect for the period of 10 years.
Under Act No. 10, p. 9, of 1896, the Traction Company, as an occupant of the streets, was under obligation to pay a proportion of the total cost of construction. It was further bound to relay its tracks on a solid foundation.
In reconstructing and relaying its tracks, the Traction Company used a concrete girder or sill, on which its rails were laid. Nelson and the Southern Paving & Construction Company were employed by the Traction Company, by whom they were paid.
The contention of defendant is that this concrete girder construction and the laying of the rails met with the approval of the city’s representatives.
The girder to which we have referred is a substitute for the cross-ties, and is a new plan or method of laying rails on foundations, instead of the old cross-ties. These girders have not given satisfaction.
The complaint on the part of the city Ox Shreveport is that the defendant the Traction Company has failed to comply with its contract and has not maintáined the pavement, that the Traction Company was called upon to make the repairs, and that no attention was given to the notification.
The contract alleged is admitted on the part of the appellant; also the obligation to maintain the pavement during the 10 years
Nelson sets up in defense that the Traction Company is responsible; that it was under obligation to keep its tracks and foundations of its road in proper condition, and that in this respect it has failed; that the Traction Company chose to construct the track on concrete girders, but did not fasten the girders on the foundations, and failed to comply with the specifications annexed to the contract into which it had entered; that he cannot be held to the performance of that which devolved upon the Traction Company, or at any rate the Traction Company should repair its own tracks, and not seek to impose a burden which has been assumed by it on some one else.
All the trouble in regard to the pavement and damages, this defendant was pleased to contend, is due to the fault of the Traction Company.
The Traction Company, brought in by the city of Shreveport as one of the defendants, denies liability and avers that the city of Shreveport was a party to all that was done in the way of construction on the streets, and that it gave its unqualified approval to all the work; that the city permitted excavations and ditching to be made to which the contractor Nelson objected, but that his objections were of no avail.
The contention on the part of defendant and appellant is that the excavations under the grade of -the street, by the laying of water pipes, gas pipes, and sewer pipes after the tracks have been laid, are a menace to a concrete beam or girders; that they should be avoided; that they should be made before *735 the work of laying the railroad track be.gins.
It remains as a fact, as shown by the testimony, that it is frequently unavoidable, and that the pipes must be laid after the construction of the track, as was done in the present instance.
Our reasons for not sustaining the defendants in this particular, later.
No one had a good word to say of the two' streets before named taken as a whole. They are in a very bad condition. There is a disintegration of the pavement right along the car track, with here and there a depression. In consequence, the motion of the cars in passing over the rails is anything but smooth. It is suggestive, as we take it, of the slant of the ship’s deck on the waves. There is a “swaying and rocking of the track, because it is not level.” The words are quoted from the testimony.
One of the witnesses was asked by counsel: “Have you noticed any bucking or swaying or pitching of the cars as they go over the track?” To which he seems to have promptly answered, “Yes.” The testimony, though suggestive of the grotesque, goes to show that the track at that particular place alluded to is not entirely safe.
Beyond all question, repairs are needed, and a solid foundation indispénsible.
In this litigation the issues are limited to plaintiff, appellee, and defendant, appellant. The other defendants are only before the court pro forma. It follows that no change will be made in the judgment as to them. No change is asked.
We take up, as we said a moment ago we would, the asserted shortcoming of the city authorities in not having had, as is charged by the defendant, the required excavation work done before the railroad tracks were laid. We can only say in answer that even if the city authorities were derelict in this respect, and even if they had ordered the work to be proceeded with, the excavations1 to be made in the first place, and the laying of the track afterward, the result would be the same. The track is a failure, and would have been a failure if the excavations had been made before the track was laid.
The following are our reasons for thus concluding:
The concrete girder was the proximate cause. It was’ not broad enough, and, besides, it had not been laid on a sufficient foundation. It had been laid on the naked earth, moist, and not offering sufficient insistence to support the superstructure. The defect was radical. It was ,the most important part of the construction. When the foundation is deficient in strength, the construction must be correspondingly weak. The soil upon which the concrete girder was laid does not make a solid foundation for a concrete sill measuring 12 by 12, as it does where the foundation is rocky, or the earth compact and very dry. There is no such foundation near the surface in the streets before mentioned.
It was stated in oral argument that the track has been taken up and formerly discarded cross-ties have been reinstated to do service (one of the few instances of the old being better than the new). We infer that the antiquated wooden cross-ties will do good service, despite the excavations complained of.
The duty of the Traction Company to plaintiff is evident enough. It is set forth in the grant made to the defendant. Whatever may be the liability of the other defendants (if any there be), the defendant owes it to the city of Shreveport to repair and maintain its roaid in good and passable condition. The maintenance clause is expressly nominated in the grant to appellant. It is a part of defendant’s liability, and, when called upon, it > just respond by making needful repairs.
*737 In addition to the contest of charters and ordinances, it is the duty of the railroad using the streets to extend its repairs, at least to the end of the cross-ties. It must maintain its track so as not to impair the servitude which rests in the public. It cannot shift its liability, whatever may be the responsibility of the others made defendant. The repairs must be made in order to avoid accidents. If a person were injured, there might a right of action spring from the injury. Bradwell v. Pittsburg, 153 Pa. 105, 25 Atl. 623.
An ounce of prevention is worth a pound of cure.
If a person may sue for an injury suffered, it -follows that a municipality may insist upon compliance in order to guard against the injury. The following are decisions of our court upon the subject: Mary Cline v. Railroad Co., 43 La. Ann. 327, 9 South. 122, 26 Am. St. Rep. 187; Dominguez v. Railroad Co., 35 La. Ann. 751; Wilson v. Telephone & Telegraph Co., 41 La. Ann. 1041, 6 South. 781; State ex rel. City of New Orleans v. Canal & Claiborne R. R. Co., 44 La. Ann. 526, 10 South. 940.
This court, in another case quite pertinent to the issues here, whilst finding that the necessity for the changes or repairs of the defendant road was remote, said that the company in use of the track could be held to make repairs needful to public safety. City of Shreveport v. Shreveport Belt Ry. Co., 107 La. 786, 32 South. 198.
The learned judge of the district court held that the defendant is liable and owes the repairs claimed.
We agree with his opinion, and think that the decree should be affirmed.
For reasons stated, the foregoing opinion and the law and the evidence being for plaintiff, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed, at appellant’s cost.